**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-4276

United States of America,  *
                           *
        Appellee,          *
                           *
Appeal from the United States
     v.                    *
District Court for the
                           *
Western District of Missouri.
Anthony W. Call,           *
                           *       (UNPUBLISHED)
        Appellant.         *

_____

Submitted:  May 29, 1997
     Filed:  June 2, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Anthony W. Call was convicted of possessing with intent to distribute crack and powder cocaine, see 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C) (1988), and using a firearm during and in relation to a drug-trafficking offense, see 18 U.S.C. § 924(c)(1) (1988). The District Court[1] sentenced Call to concurrent 190-month terms on the drug counts and a consecutive 60-month term

_____

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

on the firearm count.  After the Supreme Court decided
<u>Bailey v. United States</u>, 116 S. Ct. 501, 506 (1995)
(defining

"use" under § 924(c)(1)), Call filed a 28 U.S.C. § 2255 motion attacking his firearm conviction. The government conceded Call's firearm conviction should be vacated in light of <u>Bailey</u>, but argued the District Court should enhance Call's drug sentences under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1987) for his possession of a firearm. The District Court vacated Call's firearm conviction, assessed the firearm-possession enhancement, and resentenced Call to concurrent 210-month terms on the drug counts.

On appeal, Call argues that the District Court lacked jurisdiction to resentence him on the unchallenged drug convictions, and that application of the firearm-possession enhancement violates double jeopardy and due process. We conclude, however, that Call's arguments are foreclosed by <u>United States v. Harrison</u>, No. 96-2544, slip op. at 3-6 (8th Cir. May 9, 1997) (rejecting same arguments).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.